UNITED STATES DISTRICT COURT OF NEW YORK
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------X

|  |  |  |
|---|---|---|
| | : | Case No.: 21-cv-2102 |
| STICHTING JURIDISCH EIGENDOM DE | : | |
| VESTE BELEGGINGSFONDSEN, | : | |
| | : | **<u>COMPLAINT</u>** |
| Plaintiff, | : | |
| | : | |
| -against- | : | |
| | : | |
| CAPSTONE CREDIT, LLC, CAPSTONE | : | |
| CAPITAL GROUP, LLC and JOSEPH F. | : | |
| INGRASSIA, | : | |

Defendants.
----------------------------------------------------------------X

Plaintiff Stichting Juridisch Eigendom De Veste Beleggingsfondsen ("Plaintiff" or "Stichting"), by its attorneys Offit Kurman P.A., for its complaint against defendants Capstone Credit, LLC ("CC"), Capstone Capital Group, LLC ("CCG"), and Joseph F. Ingrassia ("Ingrassia," and together with CC, and CCG the "Defendants"), alleges as follows:

## <u>NATURE OF THE ACTION</u>

1.      Plaintiff brings this action for breach of contract, [negligent/fraudulent misrepresentation] and foreclosure of security interest against Defendants based on a Loan and Security Agreement and Line of Credit Note (the "Loan Documents") made by Defendants. As set forth in greater detail below, Stichting provided secured financing pursuant to the Loan Documents in September of 2017. After the Defendants failed to make certain payments under the Loan Documents, Stichting sent a notice of default in June 2020, followed by further failures to make required interest payments and a follow-up note accelerating the full principal amount under the Loan Documents. After the default, Stichting learned that the Defendants without Plaintiff's knowledge and approval had transferred certain assets pledged to Stichting to another affiliate, Capstone BF, LLC. It appears that contemporaneously with this transaction,

the Defendants arranged the filing of a financial statement that purports to release collateral in which Plaintiff holds a security interest.

## THE PARTIES

2.       Plaintiff is a foundation duly organized under the laws of the Netherlands, with a principal office at Hoogoorddreef 15, 1101 BA Amsterdam, The Netherlands. Plaintiff acts in a fiduciary capacity as an investment vehicle named Trade Finance Handelsfonds which qualifies for fiscally supported private retirement plans in The Netherlands. Out of 822 participants 419 private participants have invested their pension savings in this fund of which 219 are retired and in the pay-out phase, depending for part of their income on pay-out from this investment fund. Stichting acts as the independent legal owner of the investment fund.

3.       Defendants CC and CCG are engaged in the business of factoring their customers' invoices and making loan advances against their customers' purchase orders as a means to provide cash flow that facilitates their customers' operations.

4.       Defendant Ingrassia is a natural person and a resident of the State of New York with a place of residence in New York City, New York County. Defendant Ingrassia is the Managing Member of each of CC and CCG and an owner of CC and CCG.

## JURISDICTION AND VENUE

5.       This Court has jurisdiction on the basis of diversity of citizenship, and because the damages exceed the sum of $75,000 pursuant to 28 U.S.C. §1332(a).

6.       Venue is appropriate pursuant to §1391(b)(1) because CC and CCG's principal places of business and defendant Ingrassia's place of business are all in New York City, New York County. Defendants also consented to this forum for resolution of all disputes arising out of the Loan Documents.

## BACKGROUND AND FACTS

7.     Pursuant to a Loan and Security Agreement, dated as of September 25, 2017 (the "CC Loan and Security Agreement") and a Line of Credit Note, dated as of September 25, 2017 (the "CC Line of Credit"), Stichting extended a loan in the amount of $ 17,850,000 to CC.

8.     Pursuant to an identical Loan and Security Agreement, dated as of September 25, 2017 (the "CCG Loan and Security Agreement", and together with the CC Loan and Security Agreement, the "Loan and Security Agreements") and a Line of Credit Note, dated as of September 25, 2017 (the "CCG Line of Credit Note" and, together with the CC Line of Credit Note, the "Line of Credit Notes", and the Line of Credit Notes and the Loan and Security Agreements together the "Loan Documents"), Stichting extended a loan in the amount of $ 21,889,019 to CCG.

9.     Stichting is a party to an Intercreditor Agreement, dated as of September 25, 2017 (the "Intercreditor Agreement"), with Capstone Cayman Capital Asset Management Ltd., as general partner of Capstone Cayman Current Liquidity Fund LP ("CCCLF"), a Cayman Islands limited partnership.

10.     The Line of Credit Notes provided that interest shall be accrued on the unpaid principal balance at the rate of twelve and a half percent (12.5%) per annum.  The entire principal balance and interest accrued and outstanding under the Loan Documents was due and payable five years from the date of execution of the Loan Documents.

11.     Under Section 3.1.3 of the Loan and Security Agreements, Plaintiff was entitled to partial prepayment (up to 10%) of the unpaid principal without penalty or premium, on a ten-day notice.

12.     To secure the performance of the obligations pursuant to the Loan Documents, Defendants granted to Stichting a security interest in present and future Accounts,

Chattel Paper, Goods, Equipment, Inventory, Instruments, Investment Property, Documents and General Intangibles as those are defined in the New York Uniform Commercial Code (the "Collateral"). UCC-1 statements were filed by Stichting with the Delaware secretary of state on October 31, 2017.

13.     The Loan Documents provided that the Collateral secured the prompt and full performance and payment of all of the other indebtedness, obligations and liabilities of CC and CCG, existing at the time or arising after the execution, including all interest, fees (including attorney's fees), cost and expenses that CC and CCG are required to pay and perform pursuant to the Loan Documents.

14.     CC and CCG represented and warranted that Stichting's security interests in the Collateral constitutes, and will at all times constitute, first priority liens on the Collateral, and CC and CCG are, or will be at the time additional collateral is acquired by them, the absolute owners of such additional collateral with full right to pledge, sell, transfer and create a security interest therein, free and clear of any and all claims or liens.

15.     Pursuant to Section 3.1.3 of each of the Loan and Security Agreements, on March 19, 2020 and April 30, 2020, Stichting demanded payment of ten percent of the outstanding principal under the Loan Documents. CC and CCG failed to make these payments in the amounts of $1,300,000 for the March 2020 redemption and $1,400,000 for the April 2020 redemption respectively.

16.     In addition, CC and CCG have failed to make the interest payments under Section 3.2.1.1. of each of the Loan and Security Agreements since August 2020.

17.     Each of these failures constitutes an Event of Default pursuant to Section 10.1 of the respective Loan and Security Agreement. The first notices of default to CC and CCG were sent in June 2020, followed by a second notice of default in November 2020. The entire unpaid principal was accelerated as of June 22, 2020.

18.     The Loan Documents provide that in the Event of Default any payments of principal shall bear interest at a default rate set forth therein (the "Default Rate"). The Default Rate is equal to the lesser of (a) the maximum rate permitted by applicable law, or (b) two percent (2%) above the Interest Rate.

19.     The Loan Documents further provide that upon an occurrence of an event of default, CC and CCG shall be liable for all costs incurred for enforcement of the Loan Documents and collection of any amounts due under the Loan Documents, including reasonable attorneys' fees.

20.     Despite the fact that it was faced with the default notice, CC and CCG did not make any payments for the remainder of 2020. On February 9, 2021, Plaintiff sent a notice of continued default and demanded to exercise its rights to inspect CC and CCG's books and records pursuant to Section 9.3 of the Loan and Security Agreements. CC and CCG by letter, dated February 16, 2021, refused to provide access and claimed the Loan Documents were modified. However, Stichiting has not agreed to any amendment or modification of the Loan Documents. Section 11 of the Loan and Security Agreements explicitly requires an instrument in writing signed by all parties to change, waive, discharge or terminate provisions of the Loan Documents. No such instrument was ever signed and no agreement for modification was reached.

21.     A payment of $1,000,000 was made on February 28, 2021, which was applied to the total indebtedness and subject to all rights and remedies of Stichting under the Loan Documents. Both the November 2020 notice and February 2021 notice to CC and CCG expressly stated that Plaintiff was not waiving any rights.

22.     Meanwhile, it came to Stichting's attention that on September 13, 2018, CC and CCG transferred assets to their affiliate Capstone BF, LLC. At the same time, on or about September 14, 2018, an amendment to Stichting's financing statement was filed

- 5 -

purporting to restate the collateral securing repayment of the debt to Stichting. The amendment stated: "Secured Party hereby releases its security interest solely in the "Purchased Assets" as defined in that certain Purchase and Sale Agreement, dated as of September 13, 2018, by and between Debtor as seller, and Capstone BF, LLC, a Delaware limited liability company, as purchaser…"

23.     Upon information and belief, Capstone BF, LLC is an entity controlled by Defendant Ingrassia and he concealed the diversion of assets from defendants CC and CCG to Capstone BF, LLC.

24.     No one at Stichting or the fund manager, De Veste has knowledge or information about such a release nor did Stichting or De Veste sign any documents authorizing such a release. CC and CCG never notified Stichting of the sale of assets to Capstone BF, LLC in 2018. Upon information and belief, the filing of these amendments that purport to release collateral were made at the direction of the Managing Member of CC and CCG, Joseph F. Ingrassia.

25.     Also, Stichting learned that CC and CCG's affiliate Capstone Business Funding, LLC entered into a Forbearance Agreement with the receiver of Direct Lending Investments LLC. The Forbearance Agreement mandates transfer of all receivables and/or rights to payment of CC and CCG, included in the collateral under the Loan Documents to the DLI Receiver. In particular, under Section 4.6 of the Forbearance Agreement, Capstone Business Funding, LLC agreed to cause Capstone Capital Group, LLC and Capstone Credit, LLC to assign to Capstone Business Funding, LLC all Financeable Assets subject to financing by Capstone Capital Group, LLC and Capstone Credit, LLC and all Financeable Asset Portfolio Documents in connection therewith that have not already been assigned as of the date of this Agreement.

26.     As of the date of this complaint, all principal and interest in the amount of $ 41,624,180.63 under the Loan Documents remain due and owing to Plaintiff.

## AS AND FOR A FIRST CAUSE OF ACTION
### (Breach of Contract against CC and CCG)

27.     Plaintiff repeats and incorporates by reference the allegations contained in paragraphs 1 through 26 above as if fully set forth herein.

28.     Plaintiff fulfilled all of its obligations under the terms and conditions of the Loan Documents.

29.     Defendants CC and CCG breached those terms by failing to remit payments as required under the Loan Documents.

30.     As of the date of this complaint, Defendant CC and CCG continue their default.

31.     By reason of the foregoing, Plaintiff has suffered injury and is entitled to damages in an amount to be determined at trial, including the principal, interest and reasonable attorneys' fees for enforcement and collection of Defendants' obligations.

## AS AND FOR A SECOND CAUSE OF ACTION
### (Fraudulent Misrepresentation Against All Defendants)

32.     Plaintiff repeats and incorporates by reference the allegations contained in paragraphs 1 through 31.

33.     Defendants CC and CCG made fraudulent representations to Plaintiff, including that a) Stichting will have first priority lien; b) that CC and CCG were the absolute owners of collateral with full right to pledge, sell, transfer and create a security interest therein, free and clear of any and all claims or liens; and c) that CC and CCG would perform under the Loan Documents.

34.     Defendant made the fraudulent representations with the intent that Plaintiff rely on the representations and that it would not enforce its rights under the Loan Documents, while defendants diverted assets pledged to Stichting.

35.     Plaintiff in fact reasonably relied on these material misrepresentations.

36.     Defendant Ingrassia omitted to disclose a material transaction between CC and CCG, on one hand, and their affiliate Capstone BF, LLC on the other hand. To this date, Ingrassia, CC and CCG refuse to provide documentation and information regarding this transaction.

37.     By reason of the foregoing, Plaintiff has suffered injury and is entitled to damages in an amount to be determined at trial, and such further relief as the Court should deem proper.

### AS AND FOR A THIRD CAUSE OF ACTION
### (Foreclosure of Personal Property against CC and CCG)

38.     Plaintiff repeats and incorporates by reference the allegations contained in paragraphs 1 through 37.

39.     Pursuant to the terms of the Loan Documents, CC and CCG granted to Stichting a security interest in the Collateral, including all goods, inventory, equipment, instruments, documents, accounts, chattel paper, accounts, letters of credit, general intangibles, investment property.

40.     Plaintiff has filed the required financing statement (UCC-1) with the Delaware Secretary of State.

41.     No other action has been instituted and pending on the Loan Documents.

42.     As a result of Defendants' defaults under the Loan Documents, Stichting is entitled to judgment foreclosing its interest in the collateral by directing the sale of the collateral and proceeds of the sale to be applied to Defendants' obligations to Stichting as provided in the Loan Documents and applicable law.

**WHEREFORE**, Plaintiff respectfully requests judgment (i) awarding damages in favor of Plaintiff against defendants in an amount to be proven at trial, but in no event less than $39,739,019, together with default interest, attorneys fees, costs and disbursements; and (ii) that the interest of Stichting in the Collateral be declared a valid first lien on the Collateral, that the interest of Stichting in such Collateral be foreclosed and sold at one or more foreclosure sales in the manner provided by law, and that the proceeds of the foreclosure sales be applied to the obligations of the Defendants under the Loan Documents, together with any additional amounts that Stichting has incurred or may advance under the terms of the Loan Documents; and (iii) for such other and further relief as to the Court may seem just and proper.

Dated:  New York, New York
      March 10, 2021

                        OFFIT KURMAN, P.A.


                        By:  s/Albena Petrakov
                            Albena Petrakov

                        Attorneys for Plaintiff
                        590 Madison Avenue
                        New York, New York 10022
                        (212) 545-1900

TO:

CAPSTONE CREDIT, LLC
CAPSTONE CAPITAL GROUP, LLC
JOSEPH F. INGRASSIA